MARTIN T. GOODMAN, Plaintiff, *v.* GOULARD & OLENA, INC., Defendant.

City Court of New York, New York County, December 9, 1931.

*Abraham H. Schwartz,* for the plaintiff.

*Merchant, Olena & Flagg,* for the defendant.

RYAN, J. The contract of sale herein was for 1,000 dozen sprayers. In addition to lithographing containing the name of the defendant, its trade name and trade-mark, the tank ends were to have embossed thereon the defendant's trade-mark. The contract, dated November 29, 1929, contains this provision: " Shipment 200 dozen late February, 1930. Balance on our order from your warehouse 10 Crosby Street, N. Y. C. who are to warehouse balance of 800 dozen subject to our order after March 30th." Plaintiff's assignor manufactured 1,000 dozen sprayers and delivered them to said warehouse about March 27, 1930, awaiting shipment instructions from the defendant. The latter failed to give shipping instructions except for 435 dozen. This quantity was delivered to the defendant and paid for by it. The sprayers so delivered did not contain the embossing on the tank ends. The defendant accepted and retained same without protest. This action is brought to recover the damages for failure to accept delivery of the balance of 565 dozen sprayers.

On June 2, 1931, the defendant was notified by the plaintiff's assignor that in the event it failed to take the merchandise then on hand by September 1, 1931, it would be charged with storage

costs. The defendant attempts to set up in its affidavit in answer to this motion for summary judgment that it had an oral understanding with the plaintiff's assignor with respect to shipment which would vary the express written agreement of the parties. This may not be considered. There is no time specified within which the shipment instructions were to be given. It must be presumed they were to be given within a reasonable time after March 30, 1930. This is not, as defendant contends, an acceptance of an installment separately delivered. There is no question that in such a case acceptance of part does not bar the buyer from rejecting subsequent installments which do not comply with the requirements of the contract. Here is one contract for the manufacture and sale of 1,000 dozen sprayers. That quantity was manufactured and delivered to the warehouse subject to the defendant's order. Within a reasonable time after receipt and opportunity to examine the 435 dozen the defendant should have protested plaintiff's failure to emboss the tank ends. Now for the first time this objection is raised.

The conclusion is reached, in the circumstances disclosed on this motion, that the acceptance of the 435 dozen was an acceptance of the entire lot. The lithographing on the sprayers containing defendant's name, its trade name and trade-mark make them unfit for use by any one but the defendant and destroy their ready marketability. Plaintiff is entitled to partial summary judgment for $960.50. As to the claim for fifty dollars, for the reasonable value of storage, motion is denied, and action with respect thereto is severed. Order signed.